# United States District Court
## Middle District Of Florida
### Orlando Division

AMY PETRONIS RAND and AMILAR
SECURITIES, LLC, for the benefit of
WIRELESS NRG, LLC; and AMILAR
SECURITIES, LLC, a limited liability
company,

              **Plaintiffs,**

**v.**                                       **Case No:  6:13-cv-00200-GAP-TBS**

DAVID FOSTER, ARTURO BENDEK,
JORGE BENDEK, ROBERT MEHLER
and EDWARD LACHIK,

              **Defendants.**

_____

## Order

      This cause comes before the Court on the motion to dismiss (Doc. 46) filed by

Defendants Arturo Bendek and Jorge Bendek (the "Bendeks") and an opposition (Doc. 48) filed

by the Plaintiffs, Amy Petronis Rand ("Rand") and Amilar Securities, LLC ("Amilar").

## I.    Background

      The Bendeks are managing members of Wireless NRG, LLC ("Wireless"), which

manufactures and distributes wireless accessories. (Doc. 38 at 2).  Amilar purchased a

membership interest in Wireless on or around December 2011, and Rand is the principal of

Amilar. (Doc. 38 at 3).  In the Amended Complaint (Doc. 38), Plaintiffs allege that all of the

Defendants have breached their fiduciary duty to Wireless by:

                Improper selection of the sole distributor of the product;

                Charging above market rates for the product;

Improperly setting the price point for the products;

Failure to engage in productive marketing activities;

Improper financial accounting including continued large errors in financial statements;

Failure to conduct physical inventory of the product;

Failure to conduct annual meetings;

Failure to maintain the appropriate company documents;

Paying improper salaries to managing members;

Entering into a potential merger agreement with Sputnik Enterprises, Inc. that is detrimental to Wireless;

Entering into a marketing agreement with Sputnik Enterprises, Inc. that is detrimental to Wireless;

Improper use of Wireless' funds for the managing members' personal benefit;

Violation of Rules and Regulations of the Securities and Exchange Commission;

Members taking improper distributions and accepting preferred returns.

(Doc. 38. At 7-8).  In Count IV, the Plaintiffs assert a derivative claim against all of the Defendants pursuant to Florida Statute § 608.601.  The Bendeks seek to dismiss Count IV on several grounds.

## II.   Legal Standard

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  The Court will liberally construe the complaint's allegations in the Plaintiff's favor.

*Jenkins v. McKeithen*, 395 U.S. 411,421 (1969).  However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  U.S. *v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)).  This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action.  *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).  However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007).  The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

## II.    Analysis

The Bendeks allege that Plaintiff Rand is not a member of Wireless and thus lacks standing to pursue a derivative action.  An individual cannot commence a proceeding in the right of a limited liability company "unless the person was a member of the limited liability company *when the transaction complained of occurred*."  Fla. Stat. § 608.601(1) (emphasis added).  Although it appears Rand became a member of Wireless pursuant to Amendment Four to the Operating Agreement (Doc. 38-2), which was attached to the Amended Complaint, she failed to

specify the dates on which any of the alleged breaches or transactions involving the Bendeks occurred.  Therefore, Rand has not shown she possesses standing to pursue the derivative action.

Florida Statute § 608.4228 limits the personal liability of an LLC's managing members to the company or to other members except under certain specified conditions.  The Bendeks argue that the Amended Complaint does not contain allegations sufficient to overcome this statutory limitation.  Plaintiffs respond that the Amended Complaint contains allegations sufficient to satisfy Fla.Stat. § 608.4228(1)(b)(4), which provides, in pertinent part, that a managing member can be personally liable when a breach or failure to perform their duties constitutes a "conscious disregard of the best interest of the limited liability company, or willful misconduct."  While not expressly defined in the statute, the term "willful misconduct" refers to conduct involving "a quasi criminal nature, the intentional doing of something either with the knowledge that it is likely to result in serious injury, or with a wanton and reckless disregard of its probable consequences."  *Gregory v. McKesson & Robbins*, 54 So. 2d 682, 686 (Fla. 1951).  *Cf. PNC Bank v. Branch Banking & Trust Co.*, 704 F. Supp. 2d 1229, 1242 (M.D. Fla. 2010) *aff'd sub nom. PNC Bank, Nat'l Ass'n v. Branch Banking & Trust Co.*, 412 F. App'x 246 (11th Cir. 2011) (finding willful misconduct requires a showing of intentional performance of an act knowing that the act likely would result in injury or damage; an action taken with "reckless disregard" of the consequences; or a deliberate failure to discharge a duty necessary to safety).

Of the list of alleged breaches of duty quoted above, the Plaintiffs point to the following behavior as allegedly rising to the level of willful misconduct:

> Improper financial accounting including continued large errors in financial statements.
>
> Payment of improper salaries to managing members.
>
> Entering into potential merger agreement with Sputnik Enterprises, Inc. that is detrimental to Wireless.

> Entering into a marketing agreement with Sputnik Enterprises, Inc. that is detrimental to Wireless.
>
> Improper use of Wireless' funds for managing members' personal benefit.
>
> Members taking improper distributions and accepting preferred returns.

(Doc. 48 at 6).  However, these allegations are too vague to show that the Bendeks engaged in willful misconduct.

Plaintiffs argue that, pursuant to Florida Statute § 608.4227(3), managing members' duties and liabilities "may be expanded or restricted" by the provisions of a limited liability company's operating agreement.  Plaintiffs argue that Wireless expanded the managing members' liability through Section 9(c) of its operating agreement (the "Operating Agreement"), which provides as follows:

> <u>Liability for Certain Acts</u>.  The Managing Members shall exercise their business judgment in managing the business, operations and affairs of the company.  Unless fraud, deceit, gross negligence, willful misconduct or a wrongful taking shall be proved by a nonappealable court order, judgment, decree or decision, the Managing Members shall not be liable or obligated to the Members for any mistake of fact or judgment or for the doing of any act or the failure to do any act by such Managing Members in conducting the business, operations and affairs of the company, which may cause or result in any loss or damage to the Company or its Members.

(Doc. 35-2 at 13).  Comparing this list to the list of categories which trigger liability for managing members under Florida Statutes § 608.4228, it appears that the operating agreement restricts, rather than expands, the liability of managing members.  Even if the Court were to treat it as an expansion, the vague allegations of the Amended Complaint are insufficient to show that the Bendeks engaged in fraud, deceit, gross negligence or wrongful taking.  Therefore, Plaintiffs' allegations are not sufficient to overcome the statutory protection afforded to the Bendeks under Florida Statutes § 608.4228, and dismissal is warranted.

Finally, the Bendeks assert that the Operating Agreement gives them a right to recover attorney's fees from the Plaintiffs.  (Doc. 46 at 8).  However, the passage of the Operating Agreement they cite as providing this right to indemnification gives them a right to recover from Wireless, not the Plaintiffs.  (Doc. 46 at 8).  Also, even if the Bendeks were entitled to indemnification, a motion to dismiss would not be the appropriate vehicle in which to seek it.

It is therefore,

**ORDERED** that Defendants' Motion to Dismiss (Doc. 46) is **GRANTED** and Count IV is **DISMISSED WITHOUT PREJUDICE** as to the Bendeks only.

**DONE** and **ORDERED** in Orlando, Florida on July 2, 2013.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties